The majority opinion found that there was no evidence that Donald Ross assented to the sale of his interest in the building and no express indication that Nancy Ross possessed the authority to bind her husband to a sales contract for this real property. While this is true, actual authority is not the only means by which an agent may bind a principal. Agency may arise by implication or estoppel as well. Blackwell v.Internatl. Union, U.A.W. (1983), 9 Ohio App.3d 179, 181. Agency by estoppel is based on the notion that "where the principal clothes the agent with the appearance of authority or knowingly permits the agent to act as though he had such authority, the principal should be bound by acts within the agent's apparent authority upon which third persons rely in good faith." Id. Whether an agency relationship exists is a question of fact. Spradlin v. Collier (Mar. 31, 1998), Scioto App. No. 97CA2521, unreported.
At trial, Nancy Ross testified that she handled the real estate the couple owned jointly but needed to get his approval before signing any papers. However, appellee's counsel impeached Mrs. Ross with her deposition testimony that her husband "leaves [the real estate] up to me" and that they talked over the sale and he said "go ahead and do whatever you [think is] best." Mrs. Ross also testified that her husband "would not deal with the church." Further, the evidence showed that the Butts purchased a home from appellants in much the same manner as they purchased the church, with Mrs. Ross negotiating the sale.
Therefore, I believe there is sufficient evidence to establish agency by estoppel. Mr. Ross clearly allowed his wife to negotiate contracts regarding land that he owned, including the lease and eventual sale of the house to the Butts and the lease and sale of the church. Further, Mrs. Ross admitted that Mr. Ross would not personally deal with the church and that Mr. Ross told her to do what she thought was best regarding the sale of the building. Based on this testimony, there is sufficient evidence to support a finding that Mr. Ross knowingly allowed Mrs. Ross to act as if she had authority to enter into a sales agreement on his behalf and the appellee relied on this authority in good faith.
Therefore, I would overrule appellant's seventh assignment of error and address the remainder of them.